[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR REARGUMENTAND RECONSIDERATION (#182)
The defendant's motion dated April 25, 1997 was granted on May 8, 1997 to allow reargument. The hearing was held on September 23, 1997.
Issue #1. The defendant seeks reconsideration of the court's failure to order child support based on its finding that the parties enjoy joint custody. The memorandum of decision stated that the plaintiff had custody of the triplets about 30% of the time. At the current reconsideration hearing the defendant pointed out that it was 38% of total time in a four week cycle.
The court determined it was not bound by the Child Support Guidelines since the parties' combined income exceeded the maximum. Therefore, Farrow v. Vargas, 231 Conn., does not apply in the present case. This court is satisfied that the parties have shared custody and that a child support order is inappropriate. The court will amend its factual finding.
Issue #2. The court has considered the defendant's request. The court declines to change its ruling.
Issue #3. The court has considered the defendant's request. The court declines to change its ruling.
Issue #4. The defendant alleges that the daguerreotype collection was not awarded to either party. The court will CT Page 242 address this issue in its orders, infra.
 Issue #5. The defendant questions the reference in the memorandum awarding to the plaintiff "50% of the defendant's pension" and characterizes the reference as "ambiguous." The defendant's financial affidavits dated May 16, 1996, July 31, and November 25, 1996, and January 9, 1997 use the term "Xerox Cash Balance Pension" and/or "Xerox Cash Retirement Account" respectively. The court refers the defendant to page 6 of the memorandum, third paragraph, lines 15 through 22. The court finds no ambiguity.
Issue #6. The defendant requests review of (A) the percentage of the profit to be paid to the plaintiff. The court declines to change its ruling. The defendant inquires (B) if the "profit" is "pre-tax or post-tax." The "realized" profit must be post-tax or it is not realized i.e. net profit or cash after taxes. (C) The court directed payment "upon exercise" to avoid the problem of delay in payment, not to order payment prior to actual receipt of net proceeds as the defendant suggests.
Issue #7. The court will change the word "vested" to read "payable to defendant as earned as of the date of judgment." The court intended any proceeds to be post-tax.
Issue #8. The defendant states:
 "In Paragraph 17 of the Memorandum, the court awards to the plaintiff assets in her name totaling $302,646.64."
The statement misconstrues the order. The listing is to identify the assets "as the same are listed on her financial affidavit . . .". The court awarded the assets; the dollar values are the plaintiff's, and the court's total will be corrected.
The court declines to modify the distribution of the assets described in paragraph 17.
Issue #9. The defendant questions the order in paragraph 19 of the memorandum of decision. The court stated therein "This order assumes the transfer to be a non-taxable event," and to quote the defendant ". . . must be effectuated by means of a QDRO if the transfer is to be non-taxable.", the only reasonable CT Page 243 interpretation permitted. Page 7, second full paragraph says so.
Issue #10. The defendant seeks to have the court reconsider the allowance to prosecute alleging (A) a "lopsided distribution of property in the plaintiff's favor" and (B) alleging the plaintiff has all the liquid assets of the parties. . . .". The term "lopsided" has no legal meaning. The court may award an allowance if a failure to do so would undermine the other awards. The court declines to modify the order.
The memorandum of decision is amended as follows:
Page 2, line 22, delete 30% insert about 40%.
Page 3, line 17, delete 1993 and insert 1973.
 Page 3, line 19, delete defendant and insert plaintiff.
Page 6, line 4, delete vest and insert are earned.
Page 6, line 14, delete fact and insert face.
Page 9, line 3, delete entered and insert tendered.
 Page 11, line 8, delete $302,646.64 and insert $341,325.11.
Paragraph 7 is amended to read as follows:
"7. The plaintiff is awarded the entire collection of photographs[2], her publications, work product pertaining to her writings and editing work, the daguerreotype collection, and her doll collection."
Paragraph 13 is amended to read as follows:
"13. The plaintiff is awarded 50% of the defendant's performance units payable to defendant as earned as of the dateof judgment."
So Ordered.
HARRIGAN, J. CT Page 244